# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTR
### EASTERN DIVIS

06CV784
JUDGE DER-YEGHIAYAN
MAG. LEVIN

APRIL MILLER, on behalf of herself and
all others similarly situated

        Plaintiff,     )
                                ) LAL No.
                                )
     v.                             )
                                )
TOTAL CARD, INC., and METABANK,    ) CLASS ACTION
                                )
        Defendants.    ) **JURY DEMAND**

FILED FEB 1 0 2006 MICHAEL W. DOBBINS, CLERK, U.S. DISTRICT COURT

## CLASS ACTION COMPLAINT

Plaintiff, April Miller, brings this Class Action Complaint against Defendants, MetaBank and Total Card, Inc., seeking redress for violations of the Fair Debt Collection Practices Act, ("FDCPA").

### *Parties*

1. Plaintiff, April Miller, ("Ms. Miller"), is a consumer residing in this district. Plaintiff demands a trial by jury.

2. Defendant, MetaBank, is federally chartered savings bank located in South Dakota. MetaBank is also a "debt collector" as defined by the FDCPA that attempts to collect debts in this District.

3. Defendant, Total Card, Inc., is a debt collector, as defined by the FDCPA, located at 2101 W. 41st St., Suite 34, Sioux Falls, SD 57105 that attempts to collect debts in this district.

### *Jurisdiction and Venue*

4. Federal question jurisdiction arises under the Fair Debt Collection Practices Act.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts giving rise to this action occurred in substantial part in this district.

## *Factual Allegations*

6. Shortly after August 4, 2005, April Miller received the letter attached as Exhibit A.

7. The letter was purportedly from the "Rewards 660 Collections Department".

8. Rewards 660 is the brand name of a credit card marketed by MetaBank. Ms. Miller never had a MetaBank-issued credit card.

9. On information and belief, MetaBank is attempting to collect a consumer debt related to an entity known as American Credit Educators, Inc., ("ACE").

10. American Credit Educators is an operation that marketed a credit card program to consumer with limited or impaired credit records.

11. American Credit Educators marketed credit card programs in association with United Credit National Bank.

12. In 2000, the U.S. Office of the Comptroller of the Currency and United Credit National Bank entered into a Consent Decree related to regulatory issues.

13. As part of that Consent Decree, United Credit National Bank agreed to cease all activities with American Credit Educators, Inc.

14. Sometime after this consent order was entered, the parent company of United Credit National Bank sold substantially all of its assets.

15. On information and belief, American Credit Educators and MetaBank and/or Total Card, Inc., entered into an agreement to collect delinquent debt related to United Credit National Bank credit card account.

16. As part of collections efforts, MetaBank and Total Card, Inc., caused a debt collection letter dated August 4, 2005, to be sent to April Miller.

17. On information and belief, the letter dated August 4, 2005, is a form collection letter.

18. On information and belief, a letter similar to the form collection letter dated August 4, 2005 has been sent to more than forty consumers within the last year in an attempt to collect consumer debts.

19. This was the first letter received by Ms. Miller from MetaBank.

20. On information and belief, this was the first letter sent by MetaBank to Ms. Miller.

21. This was the first letter received by Ms. Miller from Total Card, Inc.

22. On information and belief, this was the first letter sent by MetaBank to Ms. Miller.

23. For purposes of the FDCPA, this letter was an initial communication from MetaBank.

24. For purposes of the FDCPA, this letter was also an initial communication from Total Card, Inc.

25. The collection letter contains false, misleading and unfair representations.

26. Ms. Miller seeks relief under the FDCPA for herself and other similarly situated consumers.

## COUNT I
*Violation of the FDCPA for Failure to Send Notice of Debt Against MetaBank*

27. Plaintiff realleges and incorporates paragraphs 1-26 into this count.

28. Section 1692g of the FDCPA states in relevant part:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt...

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed...

29. Shortly after August 4, 2005, Ms. Miller received <u>Exhibit A</u> which was an initial communication from MetaBank.

30. MetaBank failed to send Ms. Miller the notice required under Section 1692g within five days of the initial communication.

31. On information and belief, MetaBank has failed to send the notice required by Section 1692g to more than forty consumers within five days of the initial communication in the past year.

32. This Count is brought on behalf of Class A.

33. Members of Class A consists of all consumers who were not sent the notice required by Section 1692g within five days of the initial communication from MetaBank in the past year.

34. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that Defendant is a debt collector, who uses form collection letters to collect debts, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Metabank violates section 1692g.

(C) The only individual issue is the identification of the consumers who received a communication, (i.e. the class members), a matter capable of ministerial determination from the Defendant's records.

(D) The claims of Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiffs will fairly and adequately represent the class members' interests. Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims.

35. A class action is superior for the fair and efficient adjudication of the class members' claims. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

36. If the facts are discovered to be appropriate, Plaintiff will seek to certify the class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, April Miller, respectfully requests that this Court enter judgment in her favor and on behalf of Class A and against Defendant, Metabank, and award:

(A) Statutory Damages;

(B) Reasonable attorney fees and costs; and

(C) Any such other relief the court deems appropriate.

## COUNT II
### *Violation of the FDCPA for Failure to Send Notice of Debt Against Total Card, Inc.*

37. Plaintiff realleges and incorporates paragraphs 1-36 into this count.

38. Shortly after August 4, 2005, Ms. Miller received <u>Exhibit A</u> which was an initial communication from Total Card, Inc.

39. The August 4, 2005 communication was also an initial communication from Total Card, Inc because the letter directed her to "Pay Online at <u>www.myccpay.com</u> with a checking account."

40. The website <u>www.myccpay.com</u> is used by Total Card Inc. to collect debts.

41. On information and belief, Total Card, Inc. has failed to send the notice required by Section 1692g to more than forty consumers within five days of the initial communication in the past year.

42. This Count is brought on behalf of Class B.

43. Members of Class B consist of all consumers who were not sent the notice required by Section 1692g within five days of the initial communication from Total Card, Inc. in the past year.

44. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A)    Based on the fact that Defendant is a debt collector, who uses form collection letters to collect debts, the class is so numerous that joinder of all members is impracticable.

    (B)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Total Card, Inc. violates section 1692g.

    (C)    The only individual issue is the identification of the consumers who received a communication, (i.e. the class members), a matter capable of ministerial determination from the Defendant's records.

    (D)    The claims of Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

  (E)  Plaintiffs will fairly and adequately represent the class members' interests. Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims.

45. A class action is superior for the fair and efficient adjudication of the class members' claims. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

46. If the facts are discovered to be appropriate, Plaintiff will seek to certify the class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, April Miller, respectfully requests that this Court enter judgment in her favor and on behalf of Class B and against Defendant, Total Card, Inc., and award:

  (A)  Actual damages as to be proven at trial for the named Plaintiffs;

  (B)  Reasonable attorney fees and costs; and

  (C)  Any such other relief the court deems appropriate.

## COUNT III
### *Violation of the FDCPA Against MetaBank for Unfair and Misleading Collection Practices*

47. Plaintiff realleges and incorporates paragraphs 1-46 into this count.

48. The form collection letter attached to the complaint as <u>Exhibit A</u> violates the FDCPA.

49. The letter states: "Your Rewards 660 Visa account remains past due and we will be forced to continue to report it as delinquent to the credit reporting agencies."

50. This statement violates Section 1692e(2)(A) of the FDCPA because it contains a false, deceptive, or misleading representation about the character of the debt.

51. The underlying debt is not related to a Rewards 660 Visa account.

52. This statement also violates Section 1682f because it uses an unfair and unconscionable means to attempt to collect a debt.

53. It is unfair to represent to a consumer that the debt collector "will be forced to" report a non-existing Visa account as delinquent to credit reporting agencies.

54. This Count is brought on behalf of Class C.

55. Members of Class C consist of all consumers from whom Metabank was collecting a American Credit Educators or United Credit National Bank debt were sent Exhibit A.

56. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

> (A) Based on the fact that Defendant is a debt collector, who uses form collection letters to collect debts, the class is so numerous that joinder of all members is impracticable.
>
> (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the form collection letter Exhibit A violates section 1692e and 1692f.
>
> (C) The only individual issue is the identification of the consumers who received a communication, (i.e. the class members), a matter capable of ministerial determination from the Defendant's records.
>
> (D) The claims of Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.
>
> (E) Plaintiffs will fairly and adequately represent the class members' interests. Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims.

57. A class action is superior for the fair and efficient adjudication of the class members' claims. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

58. If the facts are discovered to be appropriate, Plaintiff will seek to certify the class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, April Miller, respectfully requests that this Court enter judgment in her favor and on behalf of Class C and against Defendant, Metabank, and award:

(A) Statutory Damages;

(B) Reasonable attorney fees and costs; and

(C) Any such other relief the court deems appropriate.

Respectfully submitted,
April Miller, Plaintiff

By: _____
One of Her Attorneys

Christopher Langone
Craig Frisch
Saulius Modestas
Mark Lavery, *Of Counsel*
The Langone Law Firm
25 E. Washington, Suite 1805
Chicago, Illinois 60602
(312) 782-2000